information demanded which has been furnished. Furthermore, an additional or supplemental bill of particulars, if furnished, would probably be more definite and positive after the completion of the examination before trial. All concur, Goldman, J., not participating. (Appeal from an order of Monroe Special Term granting defendants' motion for an order of preclusion unless a further bill of particulars is served.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ GUSTAV ERBE, JR., et al., Individually and as Administrators C. T. A. of the Estate of FREDERICK G. ERBE, Deceased, et al., Appellants, v. LINCOLN ROCHESTER TRUST COMPANY et al., Respondents.— Same decision as in companion case of Erbe v. Lincoln Rochester Trust Co. (7 A D 2d 963). (Appeal from an order of Monroe Special Term granting defendants' motion for an order of preclusion unless a further bill of particulars is served.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ GUSTAV ERBE, JR., Individually and as Executor and Trustee of GUSTAV ERBE, Deceased, et al., Appellants, v. LINCOLN ROCHESTER TRUST COMPANY, Individually and as Executor and Trustee of GUSTAV ERBE, Deceased, et al., Respondents.— Orders reversed, with $10 costs and disbursements and motions granted, without costs. Memorandum: In reversing these orders, we simply pass upon the right of plaintiffs to examine the witness. The examination should be had as soon as is reasonably possible under all of the existing circumstances. All concur, Goldman, J., not participating. (Appeal from two orders of Monroe Special Term respectively, denying plaintiffs' motions for examination before trial of witness Alfred W. Dunbar, without prejudice.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ GUSTAV ERBE, JR., et al., Individually and as Administrators C. T. A. of the Estate of FREDERICK G. ERBE, Deceased, et al., Appellants, v. LINCOLN ROCHESTER TRUST COMPANY et al., Respondents.— Same decision as in companion case of Erbe v. Lincoln Rochester Trust Co. (7 A D 2d 964). (Appeal from two orders of Monroe Special Term respectively, denying plaintiffs' motions for examination before trial of witness Alfred W. Dunbar, without prejudice.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE MILLS, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Wyoming County Court dismissing a writ of habeas corpus and remanding relator to the custody of the Warden of Attica Prison.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ PAUL E. GUAY, Respondent, v. AUTO-LAND, INC., Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in an action to recover money due under a contract of employment.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ EDWARD ANDRAKA, SR., Appellant, v. TOWN OF POMPEY et al., Respondents.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Onondaga County Court, Special Term, which affirms an order and judgment of Syracuse Municipal Court setting aside a jury verdict in favor of plaintiff in a negligence action.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ EDWARD F. ANDRAKA, Appellant, v. TOWN OF POMPEY et al., Respondents.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Onondaga County Court, Special Term, which

affirms an order and judgment of Syracuse Municipal Court setting aside a jury verdict in favor of plaintiff in a negligence action.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of CHARLES J. ZEBLEY, Petitioner, against ISADOR LUBIN, as Industrial Commissioner of the State of New York, Respondent.— Determination modified by annulling that part thereof which discharges petitioner and matter remitted to the commissioner for reconsideration of the measure of discipline and as so modified determination confirmed, with $50 costs and disbursements to the petitioner. Memorandum: The determination of the Industrial Commissioner, insofar as it finds petitioner guilty of the violation charged, is confirmed. Upon the record, however, it appears that the petitioner entered the service of the Department of Labor as an Apprentice Training Representative in August, 1949 and that he continued to serve in that capacity until June of 1957 when he was suspended because of the charges in question. He had served 21 years in public service, 13 thereof as Deputy County Clerk of Oneida County. There has never been any other charge or complaint of any kind against him. He is a veteran of World War II with an excellent service record. In view of this and in view of the nature of the offense we find that the measure of discipline imposed is excessive and an abuse of the discretion of the commissioner (Civ. Prac. Act, § 1296, subd. 5-a). The determination is therefore modified by annulling that part thereof which discharges the petitioner and the matter is remitted to the commissioner for reconsideration of the measure of discipline, and as so modified the determination is confirmed. (See *Matter of Nimelman* v. *Kross,* 5 A D 2d 984; *Matter of Rodriguez* v. *Rohan,* 3 A D 2d 648; *Matter of Tripple Inn* v. *Kennedy,* 3 A D 2d 907; *Matter of Faulisi* v. *Board of Police Comrs.,* 1 A D 2d 762.) All concur. (Review of determination of respondent, removing the petitioner from his position as Apprentice Training Representative of the Department of Labor, which proceeding was transferred to the Appellate Division by order of Lewis Special Term.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of the Accounting of LINCOLN ROCHESTER TRUST COMPANY, as Temporary Administrator of STELLA G. STRASENBURGH, Deceased. et al., Respondents. LOIS S. BURNS, Appellant; EDWIN G. STRASENBURGH et al., Respondents.— Decree insofar as appealed from affirmed, with costs to all parties filing briefs payable out of the estate. All concur. (Appeal from part of a decree of Monroe Surrogate's Court judicially settling the accounts of the temporary administrator and executors.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ CINDY M. GERMAN, an Infant, by WILLIAM GERMAN, Her Guardian ad Litem, Appellant, v. JOSEPH LORSON, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict of the jury was against the weight of the evidence. Furthermore, upon the facts in this case, it was improper to charge the rule of emergency as applying to the defendant. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ WILLIAM GERMAN, Appellant, v. JOSEPH LORSON, Respondent.— Same decision as in companion case of *German* v. *Lorson* (7 A D 2d 965). (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.